UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Town of Wolfeboro

    v.                                        Civil No. 12-cv-130-JD
                                            Opinion No. 2014 DNH 013

Wright-Pierce


O R D E R

On November 19, 2013, the court granted Wright-Pierce's motion to extend certain discovery deadlines in the scheduling order but did not extend the deadline for supplementation of expert witness reports, as Wright-Pierce had requested. Wright-Pierce moves for reconsideration of that part of the court's November 19 order that denied the request to extend the expert deadline.[1] Wolfeboro objects to the motion for reconsideration.

I.  Motions for Leave to File a Reply

Wright-Pierce moved for leave to file a reply to Wolfeboro's objection to the motion for reconsideration (document no. 65). Wolfeboro objected to the motion for leave to file a reply. Wright-Pierce then moved for leave to file a reply to Wolfeboro's objection to the motion for leave to file a reply (document no. 69). Wolfeboro has not yet responded to this motion.

---

[1] Wright-Pierce first filed a memorandum in support of reconsideration, document no. 54, and then the next day filed a motion for reconsideration, document no. 56.

In the proposed reply to Wolfeboro's objection to the motion for reconsideration (document no. 65), Wright-Pierce charges that Wolfeboro is acting in bad faith by opposing its request to extend the deadline for disclosing expert witnesses and addresses Wolfeboro's objections to the motion for reconsideration. Wright-Pierce also asks the court to declare that a remedial plan prepared by its consultant, Haley & Aldrich, which Wright-Pierce submitted as an exhibit to its memorandum in support of reconsideration, is neither privileged nor confidential. Wolfeboro objects to the motion for leave to file a reply because of its focus on the remedial plan and because it restates arguments previously made in support of reconsideration.

Wright-Pierce did not submit the Haley & Aldrich plan with its original motion but appended the plan to its motion for reconsideration. Wolfeboro immediately moved to seal the plan, because the parties had considered the plan to be a confidential document that was prepared for settlement or mediation. Each page of the plan is marked: "THIS MEMORANDUM IS CONFIDENTIAL AND PREPARED FOR PURPOSES OF SETTLEMENT AND/OR MEDIATION ONLY." To maintain the status quo until the controversy about the plan could be resolved, the court granted the motion to seal pending further order of the court.

The status of the Haley & Aldrich remedial plan is not properly before the court for purposes of the motion for reconsideration. Contrary to Wright-Pierce's interpretation, the

November 19 order was not based in any part on the confidential or privileged status of the plan.  Therefore, that issue is not relevant to the motion for reconsideration.

In addition, evidence submitted with a motion for reconsideration, such as the Haley & Aldrich plan, does not become part of the record in the case.  <u>See</u> <u>Alberti v. Carlo-Izquierdo</u>, --- F. App'x ---, 2013 WL 6645581, at *8 (1st Cir. Dec. 18, 2013).  Therefore, the Haley & Aldrich plan, which is exhibit 3 to document number 54, is struck from the record and shall be removed from the docket.  Should the issue of the confidential and privileged status of the plan becomes relevant in this case at some point in the future, the matter may be raised by motion filed by either party at the appropriate time.

Wright-Pierce's motion (document no. 65) to file a reply to Wolfeboro's objection to the motion for reconsideration is granted, and the reply has been considered in deciding the issue of reconsideration, as is explained below.  Wright-Pierce's motion (document no. 69) for leave to file a reply to Wolfeboro's objection to Wright-Pierce's motion for leave to file a reply to the objection to the motion for reconsideration is denied.

II.  <u>Motion for Reconsideartion</u>

In its motion for reconsideration, Wright-Pierce argues that its motion to extend discovery deadlines was timely and that it showed good cause to extend the deadlines.  Specifically, Wright-

Pierce contends that it was diligent in seeking other extensions and asserts that the court authorized an extension of the expert discovery deadlines in its August 20, 2013, order granting, in part, Wolfeboro's motion to amend.  Wofeboro objects that Wright-Pierce has not shown grounds for reconsideration.

    A.   Standard of Review

A motion for reconsideration of an interlocutory order "shall demonstrate that the order was based on a manifest error of fact or law . . . ."  LR 7.2(d).  Reconsideration is "an extraordinary remedy which should be used sparingly."  Fabrica de Muebles J.J. Alvarez, Inc. v. Inversiones Mendoza, Inc., 682 F.3d 6, 31 (1st Cir. 2012) (internal quotation marks omitted).  "A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented [previously]."  Id. (internal quotation marks omitted).

    B.   Timeliness

Citing Federal Rule of Civil Procedure 6(b)(1)(A), Wright-Pierce asserts that its motion to extend the expert deadline should have been granted because the motion was timely filed.  The motion was not rejected as being untimely but rather was considered on the merits.  Time was considered in the context of

4

the standard for good cause under Federal Rule of Civil Procedure 16(b)(4). Therefore, Wright-Pierce's argument on timeliness is inapposite to the issues presented.

    C.  <u>Good Cause</u>

As was explained in the November 19, 2013, order, Rule 16(b)(4) requires the moving party to show good cause to modify a scheduling order. In the motion to extend deadlines, Wright-Pierce neither cited the standard nor provided a focused argument to carry its burden under Rule 16(b)(4). Despite those deficiencies, the court considered the information Wright-Pierce provided, under the applicable standard, and found good cause to extend the discovery deadline, except as to experts, and the trial date.

In support of its motion to extend, Wright-Pierce recited the chronology of the scheduling orders in the case and asserted that it had been trying to persuade Wolfeboro to mediate. "As a show of good faith to Wolfeboro that it is confident the site can be remediated and put to good use," Wright-Pierce asked Haley & Aldrich to prepare a remedial plan for Wolfeboro's treatment site. Doc. 48, ¶ 7. Wright-Pierce stated that the New Hampshire Department of Environmental Services had concerns about potential wetlands issues related to the remedial plan, and "Wright-Pierce is now undertaking to investigate what, if any, wetlands issues must be addressed and how, which may necessitate the retention of

a wetlands expert." Id. Wright-Pierce then explained the need for additional time to complete depositions and other discovery.

In conclusion, Wright-Pierce stated: "For the above reasons, Wright-Pierce respectfully requests that this Court grant an extension of the deadline for the completion of discovery and depositions as well as the defendant's supplementation of its experts' reports to January 6, 2014, and of the trial date to April 7, 2014 (both extensions are approximately 60 days, give or take a few days to avoid holidays and school vacations." Doc. 48, ¶ 11. Wright-Pierce did not request that the time for disclosing expert witnesses be reopened or ask to be allowed to disclose a wetlands expert after the deadline, which was December 19, 2012.

The court noted that in addition to seeking an extension of the deadline for supplementation of expert reports it appeared Wright-Pierce was seeking a new deadline for disclosing expert witnesses because of the reference to a possible need for a wetlands expert. The court granted the extension of time Wright-Pierce requested for other discovery and for the trial but denied extra time for Wright-Pierce to supplement expert reports and disclose experts because Wright-Pierce failed to provide good cause for that extension.

For purposes of reconsideration, Wright-Pierce argues that it "demonstrated 'good cause' for an extension of the deadline for the disclosure of expert reports" and asks, for the first

6

time, "to extend the deadlines for expert disclosure." In support of reconsideration, Wright-Pierce again asserts that it was previously diligent in discovery and complied with other deadlines. While that may be true, it does not establish good cause for extending the deadline to supplement expert witnesses' written reports or to disclose new expert witnesses. Wright-Pierce has never explained why it waited until almost seven months after the expert disclosure deadline and five months after the supplementation deadline to develop the remedial plan. Wright-Pierce did not show good cause for that extension as is explained in the prior order.

Wright-Pierce also asserts a new ground for extending the deadline for expert disclosure, contending that the extension was authorized by the court's August 20, 2013, order, which allowed Wolfeboro to amend the complaint. Wright-Pierce's reliance on the August 20 order is misplaced. Wright-Pierce did not raise the August 20 order in its motion to extend the discovery deadlines. It cannot raise new arguments and theories for reconsideration that could and should have been raised in the original motion. See Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

In addition, even if that were not the case, Wright-Pierce has not shown good cause based on the August 20 order. In that order, the court allowed Wolfeboro to amend the complaint to add claims for gross negligence, violation of the New Hampshire

7

Consumer Protection Act, and fraudulent misrepresentation. The added claims pertain to Wright-Pierce's actions and representations to Wolfeboro beginning in 2007 about Wright-Pierce's models of the disposal sites that eventually failed. The court explicitly stated: "To the extent additional expert discovery is necessary <u>to address the new claims</u>, the parties can propose stipulated deadlines for expert disclosures and related discovery as an amendment to the scheduling order." Doc. No. 40, at 10 (emphasis added).

Wright-Pierce makes no connection between supplementing its expert reports or disclosing new experts and the three claims that were added in Wolfeboro's amended complaint.[2] No such connection is obvious as Wright-Pierce intends the plan to address damages, not the substantive elements of any of Wolfeboro's claims. Therefore, even if the court were to consider Wright-Pierce's new theory based on the August 20 order, Wright-Pierce has not shown good cause for the extension of expert deadlines.

This case does not present the extenuating circumstances recognized in <u>Esposito v. Home Depot U.S.A., Inc.</u>, 590 F.3d 72,

---

[2] A mere statement that the new report is an essential piece of Wright-Pierce's damages defense "in light of the Town's Amended Complaint" does not provide an argument that sufficiently developed to permit consideration. <u>See</u> <u>United States v. Zannino</u>, 895 F.2d 1, 17 (1st Cir. 1990); <u>see also</u> <u>Higgins v. New Balance Athletic Shoe, Inc.</u>, 194 F.3d 252, 260 (1st Cir. 1999) ("The district court is free to disregard arguments that are not adequately developed . . . .").

8

79 (1st Cir. 2009), where the sanction of precluding the plaintiff's expert had the effect of dismissing the case.  The Haley & Aldrich plan, along with any expert who might be disclosed to opine about the plan and its effects on wetlands issues, would address Wright-Pierce's defenses as to damages.  See Doc. no. 54 at 9 ("Implementation of the Remediation Plan could mitigate damages suffered by the Town by restoring the site rather than abandoning it at a cost of approximately $10 million . . . .  While W-P initially intended to use the H&A plan for mediation purposes only, which was the reason for initially maintaining its confidentiality, the Plan serves as an essential piece to W-P's strategy for defending against the Town's claim for damages, especially in light of the Town's Amended Complaint.").  Wright-Pierce's failure to disclose the report and an expert to address wetlands issues in a timely manner will not result in a judgment against Wright-Pierce or preclude all of its defenses.  See Harriman v. Hancock County, 627 F.3d 22, 32 (1st Cir. 2010).

Further, Wright-Pierce did not move to extend the expert disclosure deadline until it filed its motion for reconsideration, which was almost one year after the deadline for disclosing experts had passed.  Trial has been moved to the middle of April of 2014 at Wright-Pierce's request.  If the expert disclosure deadline were extended now, discovery would have to be reopened to address Wright-Pierce's new defenses and

the expert opinions Wright-Pierce wishes to pursue. That would also require a significant delay in the trial schedule, which would counsel strongly against the extension Wright-Pierce seeks. See, e.g., Samaan v. St. Joseph Hosp., 670 F.3d 21, 36-37 (1st Cir. 2012).

In response to Wolfeboro's objection to Wright-Pierce's motion for leave to file a reply to Wolfeboro's objection to the motion for reconsideration, Wright-Pierce requested a hearing on the motion for reconsideration. Wright-Pierce's request for oral argument is based on its perceived need to address further the issue of whether the Haley & Aldrich plan is confidential and privileged. Because that issue is not properly before the court in this context, oral argument on the motion for reconsideration, as requested by Wright-Pierce, would not be of assistance to the court. LR 7.1(d).

## Conclusion

For the foregoing reasons, the defendant's motion for leave to file a reply (document no. 65) is granted as is explained in this order, the defendant's motion for leave to file a reply (document no. 69) is denied, and the defendant's motion for reconsideration (document no. 56) is denied.

The Haley & Aldrich plan, exhibit 3 to document number 54, is struck from the record and shall be removed from the docket.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

January 23, 2014

cc: David H. Corkum, Esq.
    Rhian M.J. Cull, Esq.
    John W. Dennehy, Esq.
    Patricia B. Gary, Esq.
    Matthew F. Lenzi, Esq.
    Kelly Martin Malone, Esq.
    Mary E. Maloney, Esq.
    Seth Michael Pasakarnis, Esq.