UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Town of Wolfeboro</u>

v.                                          Civil No. 12-cv-130-JD
                                            Opinion No. 2014 DNH 093
<u>Wright-Pierce, Inc.</u>


<u>MEMORANDUM OPINION</u>

Defendant, Wright-Pierce, served a trial subpoena on Dan
Arsenault, an environmental engineer with the Environmental
Protection Agency ("EPA"), requiring his appearance and testimony
in this case at 9:35 a.m. on Monday, April 28, 2014.[1]  On Friday,
April 25, 2014, the government moved to quash the subpoena.  The
court promptly held a hearing on the motion that afternoon due to
the timing of this subpoena, and all parties were heard.


<u>Discussion</u>

In support of the motion to quash, the government
represented that pursuant to 40 C.F.R. § 2.404 Arsenault
forwarded the subpoena to the Office of General Counsel of the
EPA.  After consultation with the EPA Regional Administrator, J.
Curtis Spaulding, and Arsenault's supervisor, David Webster, EPA
Regional Counsel, Carl F. Dierker, denied approval for Arsenault
to testify.  For that reason, Arsenault has declined to provide
any testimony in this case.

---

[1]It was evident to all that the plaintiff's case would not
be completed by Monday, yet the witness was subpoenaed for that
day.

"The Housekeeping Act, 5 U.S.C. § 301, authorizes federal agencies to create rules governing discovery and disclosure." Cabral v. U.S. Dep't of Justice, 587 F.3d 13, 22 (1st Cir. 2009).[2]  Disclosure regulations of the EPA are set forth at 40 C.F.R. § 2.401 et seq.  Section 2.402(b) states that, "no EPA employee may provide testimony . . . concerning information acquired in the course of performing official duties or because of the employee's official relationship with EPA, unless authorized by the General Counsel . . . ."  40 C.F.R. § 2.402(b). The regulations also provide that "[i]f the General Counsel or his designee denies approval to comply with the subpoena, . . . the employee must . . . refuse to provide any testimony . . . ." 40 C.F.R. § 2.404.

Courts have approved the EPA housekeeping rules.  See Boron Oil Co. v. Downie, 873 F.2d 67 (4th Cir. 1989); Orange Env't, Inc. v. County of Orange, 145 F.R.D. 320 (S.D.N.Y. 1992).  "The policy behind such prohibitions on testimony of agency employees is to conserve governmental resources where the United States is not a party to a suit, and to minimize governmental involvement

---

[2]Section 301 provides as follows:

The head of an Executive department or military department may prescribe regulations for the government of his department, the conduct of its employees, the distribution and performance of its business, and the custody, use, and preservation of its records, papers, and property.  This section does not authorize withholding information from the public or limiting the availability of records to the public.

in controversial matters unrelated to official business."  Boron,
873 F.2d at 70; see also 40 C.F.R. § 2.401(c).

In this case, the EPA is not a party.  The EPA denied
approval for Arsenault to testify because Arsenault's duties as
an environmental engineer in the EPA are extensive so that it
would be extremely burdensome for him to appear and testify here.
The government also contends that the matters on which Wright-
Pierce apparently seeks to elicit testimony from Arsenault,
including the EPA's proposed regulatory changes, are speculative
and irrelevant, would constitute expert opinion, and are outside
Arsenault's authority to speak on behalf of the EPA.

At the hearing on the government's motion to quash, counsel
for Wright-Pierce did not challenge the EPA regulations or the
decision of the EPA Office of General Counsel.[3]  Counsel also
failed to identify any relevant or admissible testimony that
Arsenault might offer if allowed to testify.  Little if any
justification was presented for subpoenaing Arsenault as a
witness.  In view of the law applicable to this subpoena, the

---

[3]The EPA's decision not to allow an employee to testify in a
lawsuit is reviewable under the arbitrary and capricious
standard, but only when the government is a party to the lawsuit.
See Dravo Corp. v. Liberty Mut. Ins. Co., 1995 WL 519959, at *2
(D. Kan. Aug. 21, 1995) ("[D]efendants are asking this court to
undertake a review of agency action when the agency has not been
named a party.  Defendants' failure to file suit against the EPA"
forecloses such review.); see also Cabral, 587 F.3d at 23; Appeal
of Sun Pipe Line Co., 831 F.2d 22, 25 (1st Cir. 1987)
("[J]ettisoning established rules to suit the fancy of individual
litigants is not a step to be taken lightly under any
circumstances.").

motion to quash was granted substantially for the reasons set

forth by the government in its memorandum.

To the extent Wright-Pierce has any controlling law that is

contrary to what the court has cited in this memorandum order, it

may submit it to the court in a memorandum not to exceed seven

pages.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
United States District Judge

April 29, 2014

cc:   Rhian M.J. Cull, Esq.
      John W. Dennehy, Esq.
      Daniel Miville Deschenes, Esq.
      Patricia B. Gary, Esq.
      Kelly Martin Malone, Esq.
      Mary E. Maloney, Esq.
      Seth Michael Pasakarnis, Esq.
      T. David Plourde, Esq.