```
         UNITED STATES DISTRICT COURT FOR THE
               DISTRICT OF NEW HAMPSHIRE
```

Town of Wolfeboro

    v.                                              Civil No. 12-cv-130-JD
                                                  Opinion No. 2014 DNH 094
Wright-Pierce


                      MEMORANDUM OPINION

     Defendant, Wright-Pierce, served a trial subpoena on Harry Stewart, the Director of the Water Division for the New Hampshire Department of Environmental Services ("NHDES"), requiring his appearance and testimony in this case. The NHDES moved to quash the subpoena. The court ordered Wright-Pierce to respond to the motion and to provide bullet proffers of the testimony it intended to elicit from Stewart, as well as to identify each document which would be the subject of questioning. Wright-Pierce responded to the motion to quash. The court held a hearing on the motion on April 25, 2014, and all parties were heard.


                          Discussion

     In support of the motion to quash, the NHDES contends that Stewart has no relevant knowledge of the case that could not be obtained from other sources and that it would cause an undue burden on the NHDES for him to testify at trial. In response, Wright-Pierce contends that Stewart could potentially offer information that it could not elicit from other sources.

Under Federal Rule of Civil Procedure 45, a court "must quash or modify a subpoena that subjects a person to an undue burden." Fed. R. Civ. P. 45(d)(3)(iv). When a party has subpoenaed a government employee to testify, the court must "determine whether it would be an undue burden for the government to produce [a] requested employee[,] and to weigh that burden against the [parties'] need for the testimony." Solomon v. Nassau County, 274 F.R.D. 455, 458 (E.D.N.Y. 2011). In considering a motion to quash such a subpoena, the court may consider "not only the direct burden caused by the testimony, but also the government's serious and legitimate concern that its employee resources not be commandeered into service by private litigants to the detriment of the smooth functioning of government operations." Id. at 460; see also Cusamano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) ("[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.").

In addition, if a party seeking information from a nonparty can easily obtain the same information elsewhere, that factor weighs in favor of granting a motion quash the subpoena. See Bogosian v. Woloohojian Realty Corp., 323 F.3d 55, 66 (1st Cir. 2003); see also Precourt v. Fairbank Reconstruction Corp., 280 F.R.D. 462, 467 (D.S.D. 2011) ("If the party seeking the information can easily obtain the same information without burdening the nonparty, the court will quash the subpoena.").

2

Thus, "[d]epartment heads and similarly high-ranking officials should not ordinarily be compelled to testify unless it has been established that the testimony to be elicited is necessary and relevant and unavailable from a lesser ranking officer." Halderman v. Pennhurst State School and Hosp., 96 F.R.D. 60, 64 (D.C. Pa. 1982). Further, "[i]t is within the court's discretion to quash a subpoena where the testimony or information sought is irrelevant." Griffiths v. Ohio Farmers Ins. Co., 2010 WL 2639913, at *1 (N.D. Ohio June 29, 2010); see also W Holding Co., Inc. v. Chartis Ins. Co. of Puerto Rico, 2013 WL 6001087, at *1 (D.P.R. Nov. 12, 2013) ("In determining whether a subpoena imposes an 'undue burden,' the court considers . . . relevance . . . .").

The NHDES represented that the subpoena should be quashed because Stewart has not been deposed in this case and because he has had little involvement in the matter. It further represented that Stewart's limited knowledge of the issues related to the case can be obtained from other sources, including other NHDES employees who will testify in the case and NHDES documents. In addition, the NHDES represented that the testimony sought from Stewart involved pre-decisional, deliberative communications between Stewart and another NHDES employee, and therefore is protected by the deliberative process privilege.

In its objection to the motion to quash, Wright-Pierce stated that it expects Stewart to testify regarding conversations he had with Wright-Pierce "concerning the permitability and

3

remediability of the RIB system," and that it "expects that Mr. Stewart's testimony may differ from some or all of the testimony the Town intends to elicit from other NH DES representatives." Wright-Pierce further stated that "no other NH DES representatives were privy to these conversations and none are memorialized in any documentation."  In addition, Wright-Pierce argued that it "does not seek evidence of NH DES's deliberative process," and contended that New Hampshire does not recognize a deliberative process privilege in any event.

In addition, Wright-Pierce submitted several bullet proffers of the testimony it intends to elicit from Stewart.  The bullet proffers included Stewart's opinions regarding current and potential characteristics of the RIB site and Wolfeboro's compliance with various NHDES permits.

In its response to Wright-Pierce's objection, the NHDES submitted an affidavit from Stewart, in which Stewart avers that he has no recollection of meeting with anyone from Wright-Pierce without another NHDES employee present, and that Stewart does not recall any discussion concerning the Wolfeboro RIB system with anyone from Wright-Pierce.  The NHDES also stated in its response that the parties possess several documents indicating the NHDES's position regarding the permitability and/or remediability of Wolfeboro's RIB system.  Although not specifically noted in the response or Stewart's affidavit, the NHDES represented at the hearing on its motion that Stewart has never been to the Wolfeboro RIB site.

As has been established through Stewart's affidavit, the parties' filings, and representations at the hearing, Stewart has not had any conversations with Wright-Pierce in which another NHDES employee was not present.[1]  Although Stewart has edited letters and attended internal NHDES meetings concerning the Wolfeboro RIB site in his supervisory role, Wright-Pierce has not identified any relevant or admissible information that Stewart might offer if allowed to testify that cannot be obtained from other NHDES witnesses or documents.  Therefore, to the extent Wright-Pierce seeks any relevant and admissible testimony from Stewart, Wright-Pierce can obtain the same information from other NHDES employees and/or NHDES documents and, therefore, Stewart should not be compelled to testify.[2]

---

[1] At the hearing on the motion, counsel for Wright-Pierce appeared to concede that Paul Heirtzler, another NHDES employee who will be called at trial, attended the meeting with Stewart and Wright-Pierce concerning the Wolfeboro RIB site.

[2] At the hearing, counsel for Wright-Pierce suggested that even though Heirtzler attended the relevant meeting with Stewart and Wright-Pierce and authored letters discussing the permitability and remediability of the Wolfeboro RIB site, Stewart's testimony could contradict Heirtzler's to the extent Stewart had a different recollection of the meeting or edited Heirtzler's letter in accordance with his supervisory role. "While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt . . . . A litigant may not engage in merely speculative inquiries under the guise of relevant discovery." Micro Motion, Inc. v. Kane Steel Co., Inc., 894 F.2d 1318, 1327-28 (1st Cir. 1990).  Even if such evidence could be relevant, Stewart had only limited involvement in this matter and limited recollection of the meeting.

In view of the law applicable to this subpoena, the motion to quash was granted substantially for the reasons set forth by the NHDES in its memoranda.[3]

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

April 30, 2014

cc: Rhian M.J. Cull, Esq.
John W. Dennehy, Esq.
Daniel Miville Deschenes, Esq.
Patricia B. Gary, Esq.
Kelly Martin Malone, Esq.
Mary E. Maloney, Esq.
Seth Michael Pasakarnis, Esq.
T. David Plourde, Esq.

---

[3] Because Wright-Pierce did not seek any information from Stewart implicating pre-decisional, deliberative communications between Stewart and another NHDES employee, the court need not decide whether New Hampshire recognizes the deliberative process privilege or whether that privilege would apply here.